UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FAIRGOUNDS CORPORATION

CIVIL ACTION

NO: 04-2752

SECTION: "S"

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Jeffrey Colson's motion to remand is **DENIED**. (Document #12.)

**IT IS FURTHER ORDERED** that all further hearings on the Fair Grounds's objection to Colson's proof of claim are **ABATED** until the personal injury liability is determined in state court.

### I. BACKGROUND

Jeffrey Colson was employed as a jockey at the Fair Grounds race track. During the fourth schooling race on March 8, 1991, Colson was severely injured when the horse he was riding "went down" and flipped over Colson's body. On March 6, 1992, Colson, his parents, and his brothers filed a petition for damages in Civil District Court for the Parish of Orleans against the Louisiana State Racing Commission, the Fair Grounds Corporation (the Fair Grounds), and

Paul Gregoire.

The state court action was still pending when the Fair Grounds filed a petition for bankruptcy on August 15, 2003.  The bankruptcy court stayed the pending state court litigation; therefore, liability and damages have not been determined.

On April 15, 2004, Colson filed a timely proof of claim in the bankruptcy proceeding. The Fair Grounds listed Colson's claim as unliquidated in its schedule of disputed claims and filed an objection to Colson's proof of claim, requesting that the bankruptcy court disallow the claim on grounds that it lacked proper documentation.  The Fair Grounds filed a motion for withdrawal of the reference of the Fair Ground's objection to the proof of claim, and this court withdrew the reference on April 5, 2005.  Colson filed a motion to remand the case to state court.[1]

## II. DISCUSSION

Colson contends that the case should be remanded to state court because the bankruptcy court lacks subject matter jurisdiction to resolve his personal injury claims for purposes of distribution, and there is no independent basis for federal jurisdiction.  He argues that the underlying suit was filed in state court, and the only involvement with the federal court is the bankruptcy proceeding.  Colson contends that the reference to the bankruptcy court was properly withdrawn because the personal injury issue is not a core bankruptcy matter and should be addressed by the district court if the matter remains in federal court.  However, he asks the court

---

[1] The motion was continued because settlement negotiations were ongoing and because of Hurricane Katrina.

to decline jurisdiction and "return this matter to the state court where it was originally filed."

A case may be remanded to state court after removal, pursuant to 28 U.S.C. § 1447(c). However, this case was never removed from state court, but was initiated as a proof of claim in a bankruptcy proceeding in federal court.   Accordingly, the motion to remand is not proper.

Pending before this court is the Fair Grounds's objection to Colson's proof of claim.  In order to adjudicate the claims objection, it is necessary to consider the merits of the underlying personal injury cause of action.  Although couched in terms of a motion to remand, Colson requests that the court decline jurisdiction and return the case to state court.

Personal injury claims are non-core proceedings which cannot be heard by the bankruptcy court.  See Baumgart v. Fairchild Aircraft Corp. 981 F.2d 824, 830 (5th Cir. 1993). Congress granted jurisdiction over the bankruptcy-related personal injury claims in the district court under 28 U.S.C. § 157(b)(5).  However, under the permissive abstention doctrine of 28 U.S.C. § 1334(c)(1),[2] the court has broad discretion to abstain from hearing state law claims. See In re Terry M. Gober, 100 F.3d 1195, 1206 (5th Cir. 1996).  Permissive abstention may be raised by the court *sua sponte*.  Id. at 1207 n.10.

In this case, the state court action has been pending since 1992, and involves only questions of state law.  Further, even though the underlying case is related to a claim in the bankruptcy proceeding, the federal court has little interest in hearing the case where defendants

---

[2]   28 U.S.C. § 1334(c)(1) provides:
   Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

other than the debtor in bankruptcy are involved.  Accordingly, in the interest of comity and out of respect for State law, the court in its discretion abstains from hearing Colson's state law action.  All further hearings on the Fair Grounds's objection to Colson's proof of claim are abated until the personal injury liability is determined in state court.

New Orleans, Louisiana, this  26th  day of April, 2006.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**